Harvey M. Moore, #101128
Bidna & Keys, APLC
5120 Campus Drive
Newport Beach, CA 92660
Tel: (949) 752-7030
Fax: (949) 752-8770

Attorneys for DFS Services LLC
incorrectly named in the complaint as
Discover Card Services, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVER CARD SERVICES, Inc. And DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 07 CV 2138 WQH (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date: February 19, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 4th Flr. |

## I. INTRODUCTION

Defendant, DFS Services LLC incorrectly named in the complaint as Discover Card Services, Inc.("Discover"), submits this memorandum in support of its Motion for Partial Judgment on the Pleadings.

*For over 10 years*, plaintiff, James M. Kinder, has made a business of being a professional plaintiff by improperly filing lawsuits under the Telephone Consumer



Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. These TCPA lawsuits relate to telephone calls made to number 619-999-9999 (the "9s Number"), which is allegedly the telephone number assigned to plaintiff's paging service. Every court which has ruled on plaintiff's TCPA claims has dismissed the claims, including this Court in *James M. Kinder v. Associates Housing Finance, LLC, et al.*, Case No. 99-02411 (S.D. Cal. 1999) (Jones, J.). Despite these rulings, plaintiff continues to file (and in some cases re-file) baseless TCPA lawsuits. As noted below, currently, there are 9 *Kinder* lawsuits pending in this Court and approximately 100 lawsuits pending in state court.

Plaintiff alleges, *inter alia*, that Discover violated the TCPA and 47 C.F.R. § 64.1200 because the "prerecorded message calls" Discover made to his 9s Number failed to identify Discover's business name and telephone number. Plaintiff seeks $500, or $1,500, for each "prerecorded message call" that allegedly failed to contain Discover's business name and telephone number.

Even if the Court assumes that all of Discover's "prerecorded message calls" failed to identify Discover's business name and telephone number, pursuant to Fed. R. Civ. P. 12(c), plaintiff's claim should be dismissed for failure to state a cause of action. As numerous courts have ruled, there is no private right of action for violations of 47 U.S.C. § 227(d), or 47 C.F.R. § 64.1200 (the related regulation). *See, e.g.*, *Boydston v. Asset Acceptance LLC*, 496 F.Supp.2d 1101, 1110 (N.D. Cal. 2007).

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

Only the state attorney generals have the authority to bring an action on behalf of their citizens for violation of this TCPA section and related regulation. *Id.*

## II. PROCEDURAL HISTORY AND FACTS

Plaintiff alleges that Discover violated the TCPA by calling and leaving messages on his 9s Number. *See* Docket No. 1, Notice of Removal (with the Complaint attached thereto). As noted by this Court in *James M. Kinder v. Associates Housing Finance, LLC, et al.*, Case No. 99-02411 (S.D. Cal. 1999), "many companies use the number 999-9999 as a default number in their computer records for new customers without a phone number or for existing customers whose recorded number has become defunct." Exhibit A, *Kinder* Decision, at p. 2, lns. 13-15. Currently, there are at least 9 known *Kinder* lawsuits pending in this Court, including:

1. *James M. Kinder v. Bankfirst*, Case No. 07-00877-DMS-POR;
2. *James M. Kinder v. Sprint PCS Assets LLC*, Case No. 07-02049-WQH-JMA;
3. *James M. Kinder v. Asset Acceptance, LLC*, Case No. 07-02084-L-LSP;
4. *James M. Kinder v. Astra Business Services, Inc.*, Case No. 07-02091-H-JMA;

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

5. *James M. Kinder v. Nationwide Recovery Systems, LTD*, Case No. 07-02132-H-CAB ;

6. *James M. Kinder v. Discover Card Services, Inc.*, Case No. 07-02138-WQH-BLM [this case];

7. *James M. Kinder v. Enhanced Recovery Corporation*, Case No. 07-02152-IEG-POR;

8. *James M. Kinder v. Harrah's Entertainment, Inc.*, Case No. 07-02226-H-RBB; and

9. *James M. Kinder v. Cavalry Investments, LLC*, Case No. 07-02274-IEG-WMC

Exhibit B, *Kinder* Docket Reports. The lowest numbered case is *James M. Kinder v. Bankfirst*, Case No. 07-00877-DMS-POR, pending before Judge Dana M. Sabraw. *Id.* Pursuant to Fed. R. Civ. P. 42, Nationwide Recovery Systems has brought a Motion to Consolidate all of the *Kinder* lawsuits and have them heard before J. Sabraw, which Motion is scheduled for February 8, 2008. Upon information and belief, there are approximately 100 *Kinder* lawsuits pending in state court.

Specifically, plaintiff alleges that Discover violated the TCPA in 2 ways. *See* Docket No. 1, Notice of Removal (with the Complaint attached thereto). First, plaintiff alleges Discover violated the TCPA by calling his "number assigned to a paging service, using an automatic telephone dialing system and/or an artificial or

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

prerecorded voice[.]" *Complaint.* at ¶ 8. Second, plaintiff alleges Discover violated the TCPA and 47 C.F.R. § 64.1200 by failing to include in its "prerecorded telephone messages" Discover's business name and telephone number. *Id.* at ¶¶ 9-12. Discover's motion for partial judgment on the pleadings relates to only this latter claim.

On November 29, 2007, Discover filed an answer, generally denying liability. *See* Docket No. 2.

## III. LAW AND ARGUMENT SUMMARY

Rule 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A motion for judgment on the pleadings per Fed. R. Civ. P. 12(c), like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading." *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 411 F.Supp.2d 1172, 1174 (N.D. Cal. 2005). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

***A. There Is No Private Right Of Action For Violations Of 47 U.S.C. § 227(d), Or 47 C.F.R. § 64.1200***

"Congress enacted the [TCPA in 1991] in response to various telemarketing practices[.]" *Satterfield v. Simon & Schuster*, 2007 WL 1839807, *3 (N.D. Cal. 2007). "[T]he TCPA seeks to deal with an increasingly common nuisance—telemarketing." *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 514 (3d Cir. 1998); *see also F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 857 (10th Cir. 2003) ("In the TCPA, Congress found that unrestricted telemarketing can be an intrusive invasion of privacy and that many consumers are outraged by the proliferation of intrusive calls to their homes from telemarketers.") (*citing* Pub. L. No. 102-243, at § 2).

The Federal Communications Commission ("FCC") is "the agency Congress gave authority to prescribe regulations to implement the TCPA." *Satterfield*, 2007 WL 1839807 at *4; *see also* 47 U.S.C. § 227(b)(2).

"[S]ection 227(d) and its regulations provide technical and procedural standards with which all 'systems used to transmit any artificial or prerecorded voice message' must comply." *Boydston*, 496 F.Supp.2d at 1110. In relevant part, § 227(d) states:

> The [FCC] shall prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

> message via telephone. Such standards shall require that . . . all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual[.]

47 U.S.C. § 227(d)(3). Pursuant to § 227(d), the FCC enacted the following regulation:

> All artificial or prerecorded telephone messages shall:
>
> (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated, and
>
> (2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

> number for which charges exceed local or long distance transmission charges. . . .

47 C.F.R. § 64.1200(b).

*Most importantly*, there is no private right of action for violations of the procedural and technical standards set forth in the above block quoted TCPA section and regulation. As the Northern District of California has ruled:

> In contrast to section 227(b)(3), the remedy for violations of the procedural and technical standards confers no private right of action. Instead, the TCPA allows States to bring suit to remedy "a pattern or practice" of violations of the TCPA. Section 227(f)(1) provides that "[w]henever the attorney general of a State . . . has reason to believe that any person has engaged . . . in a pattern or practice of telephone calls . . . in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents . . . ." Section 227(f)(2) grants the district courts of the United States exclusive jurisdiction over such State initiated actions.

*Boydston*, 496 F.Supp.2d at 1106 (citations omitted). Numerous other courts have agreed with the Northern District's ruling that there is no private right of action for violations of § 227(d), or the related regulation. *See, e.g., Kopff v. Battaglia*, 425

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

F.Supp.2d 76, 90-91 (D. D.C. 2006) ("Plaintiffs assert an entitlement to damages under the TCPA due to defendants' alleged failure to comply with [FCC] regulations that require faxes to identify properly the individual or entity sending the message and to provide the phone number of the sender. The TCPA, however, does not create a private right of action for every violation of its provisions, but instead creates such a right only in specific circumstances. . . . The fax identification regulations upon which plaintiffs rely, 47 C.F.R. § 68.318, were issued pursuant to subsection (d) of section 227, and thus there is no private right of action under the TCPA for violation of those regulations. Hence, plaintiffs have failed to state a claim upon which relief may be granted under the TCPA to the extent that they rely on asserted violations of the fax identification regulations.") (citations omitted); *Klein v. Vision Lab Telecommunications, Inc.*, 399 F.Supp.2d 528, 539 (S.D. N.Y. 2005) ("[N]o independent cause of action exists for violations of § 227(d) [or the regulations enacted thereunder.]"); *Adler v. Vision Lab Telecommunications, Inc.*, 393 F.Supp.2d 35, 38-39 (D. D.C. 2005) ("Defendants contend the TCPA does not provide a private right of action for such a claim. Based on the plain language of the statute, the Court agrees. The private right of action established by § 227(b)(3) limits the right to "an action based on a violation of *this subsection* [*i.e.*, subsection (b)] or the regulations prescribed under *this subsection*." 47 U.S.C. § 227(b)(3) (emphasis added). The regulations cited by plaintiffs, however, were issued pursuant to a directive in

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

§227(d). Section 227(b) addresses unsolicited faxes, not improperly identified faxes. A private right of action exists only with respect to unsolicited faxes. *See* 47 U.S.C. § 227(d) (omitting any mention of a private right of action).") (citations omitted); *USA Tax Law Center, Inc. v. Office Warehouse Wholesale, LLC*, 160 P.3d 428, 434 (Colo. App. 2007); *Lary v. Flasch Business Consulting*, 878 So.2d 1158, 1165 (Ala. Civ. App. 2003) ("However, in contrast to violations of subsection (b) of 47 U.S.C. § 227, which are subject to private rights of action under 47 U.S.C. § 227(b)(3), Congress did not authorize private citizens to bring actions to impose penalties for or recover damages allegedly flowing from violations of subsection (d) of that statute."). All of the authorities agree that only the states may bring an action on behalf of their citizens for violations of this TCPA section and related regulation. *Id.*

Contrary to plaintiff's allegations, there is no private right of action for violations of § 227(d), or 47 C.F.R. § 64.1200. In light of this settled law, as a matter of law, NRS is entitled to judgment on plaintiff's TCPA claim that NRS violated the TCPA and 47 C.F.R. § 64.1200 by failing to include in its "prerecorded telephone messages" NRS's business name and telephone number.

## IV. CONCLUSION

The Court should grant Discover's Motion for Partial Judgment on the Pleadings. Plaintiff's TCPA claim relating to the "prerecorded telephone messages" fails to state a claim for relief.

Dated: January 2, 2008

Bidna & Keys, APLC

By: /s/ Harvey M. Moore
Harvey M. Moore
Attorneys for DFS Services LLC

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030